IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GERALD L. DUGAN                                                                                   PETITIONER
Reg #34533-077

V.                           CASE NO. 2:18-cv-00012 JTK

GENE BEASLEY, *Warden*,
Federal Correctional Complex-Forrest City                                            RESPONDENT

MEMORANDUM AND ORDER

This matter is before the undersigned United States Magistrate Judge on the petition of federal prisoner Gerald L. Dugan for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Docket Entry #1) Petitioner's federal sentence derives from an August 2013 conviction wherein he pleaded guilty in the United States District Court for the Eastern District of Texas to conspiracy to possess with the intent to distribute cocaine base. *United States of America v. Gerald Lamonte Dugan*, Case No. 4:12-cr-00143-004 MAC-ALM. (DE #11-2, Judgment) He received 262 months' incarceration. *Id.*   He did not appeal.

Procedural History

In June 2016, Dugan filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The Magistrate Judge recommended that the motion be dismissed without prejudice for failure to prosecute, and the District Judge adopted that recommendation.  (DE # 11-5 and DE #11-6)

---

[1]The parties consented to the jurisdiction of the U.S. Magistrate Judge on June 13, 2018. (DE #10)

Dugan now files the instant petition alleging that his sentence was unlawfully enhanced pursuant to 4B1.1 of the United States Sentencing Guidelines ("USSG").[2] He argues that his Texas state conviction for delivery of a controlled substance does not qualify as a controlled substance offense for purposes of the career offender sentencing guidelines, and he relies on *Mathis v. United States*, 136 S.Ct. 2243 (2016); *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2017); and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017) to support his argument.[3] He suggests that the claim is not cognizable in a motion under 28 U.S.C. § 2255 and is foreclosed by Fifth Circuit Court of Appeals precedent.

For the reasons discussed below, the petition is denied and dismissed without prejudice.

Discussion

The scope of a petition like the instant one is clear—a federal prisoner seeking to collaterally attack his conviction or sentence ordinarily must file a motion to vacate in the trial court under § 2255 and not a habeas petition in the district of incarceration under § 2241. *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal courts lack jurisdiction over § 2241 petitions challenging the validity of a federal conviction or sentence unless the prisoner can affirmatively demonstrate that the remedy

---

[2]USSG 4B1.1 provides, in part, that "[a] defendant is a career offender if . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

[3]In *Mathis v. United States*, the United States Supreme Court explained the proper procedure for determining when a defendant's prior state court conviction could be used as a predicate offense under the Armed Career Criminal Act. In *United States v. Hinkle*, the Fifth Circuit Court of Appeals applied the principles articulated in *Mathis*, and in *United States v. Tanksley*, it determined that a petitioner's prior Texas state court conviction for possession with the intent to deliver a controlled substance was not a "controlled substance offense" under USSG 4B1.1.

provided by §2255 is "inadequate or ineffective" to test the legality of his detention. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). This exception is sometimes called the "savings clause," *see Abdullah*, 392 F.3d 959, because, when it applies, it can save a habeas petition from being dismissed under § 2255(e)'s exclusive remedy rule. Importantly, it is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective. *United States v. Lurie*, 207 F.3d 1075, 1078 (8th Cir. 2000).

Petitioner is challenging the career-offender enhancement of his sentence that was imposed by the Texas federal court. The question of whether Dugan was properly sentenced in the United States District Court for the Eastern District of Texas is not before the undersigned. Instead, the question before the undersigned is whether the United States District Court for the Eastern District of Arkansas, the district where Dugan is incarcerated, has subject matter jurisdiction over his 2241 petition. Applying the governing law to the facts of this case, the undersigned concludes that it lacks subject matter jurisdiction over the petition.

Dugan is not entitled to the benefit of the savings clause provided by 2255 motions because he is not challenging his federal conviction; instead, he challenges the career offender enhancement of his sentence. "The core idea of the 'savings clause' in section 2255 'is that the petitioner may have been imprisoned for conduct that was not prohibited by law.'" *See Lott v. Willis*, 2017 WL 384074, *5 (W.D. Tex. 2017) (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001)). Dugan's challenge is not based on a retroactive application of United States Supreme Court precedent that establishes he may have been convicted of a non-crime and his challenge does not suggest he was convicted of an offense that was not prohibited by Texas

3

state law.  The Eighth Circuit has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed[.]" Lurie, 207 F.3d at 1077 (internal citations omitted); *see also Hill*, 349 F.3d at 1091 (concluding that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").  Therefore, the undersigned finds that this Court does not have jurisdiction to consider Petitioner's claim in this § 2241 habeas action.

## Conclusion

For the foregoing reasons, the Court concludes that relief via the petition for writ of habeas corpus pursuant to § 2241 is not available to Petitioner.  *See Hill*, 349 F.3d at 1091 (determining that a district court lacks jurisdiction to consider an unauthorized Section 2241 petition for writ of habeas corpus).  Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus, Docket Entry #1, is be denied and dismissed without prejudice.

SO ORDERED this 23rd day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE